UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN R. SETH,<br>STEVEN R. SETH, II, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 1:12-cv-01184-RLY-DML |
| COMMODORE TRANSPORT, LLC, | )<br>)<br>) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO CHANGE VENUE**

Before the court is Defendant's Motion to Change Venue to the Eastern District of Michigan. For the reasons set forth below, Defendant's motion is hereby **GRANTED.**

**I.    Background**

Commodore Transport, LLC ("Commodore") is a for-hire motor carrier that provides transportation of property to its customers under the authority of the U.S. Department of Treasury. Commodore is an Indiana LLC whose principal business operations occur in Warren, Michigan. Commodore contracts with professional truck drivers to transport the property.

Plaintiffs, Steven R. Seth and Steven R. Seth, II (the "Seths"), are professional truck drivers domiciled in Pontiac, Michigan. The Seths entered into independent contractor agreements with Commodore in October of 2008 and April 2010, respectively. Pursuant to the agreements, the Seths leased their trucks to Commodore and agreed to haul freight

1

for Commodore's customers. Commodore agreed to compensate the Seths in accordance with their agreements.

The agreements between the Seths and Commodore were drafted by Commodore and executed at Commodore's terminal in Warren, Michigan. (Seth Aff. ¶ 3; and Seth II Aff. ¶ 3). The agreements included identical forum selection clauses that read as follows:

> 20.   COMPLETE AGREEMENT. . . . This Agreement shall be deemed to have been drawn in accordance with the statutes and laws of the State of Indiana and in the event of any disagreement or litigation, the laws of this state shall apply and suit must be brought in this state, except that Carrier may bring suit against INDEPENDENT CONTRACTOR in any state where INDEPENDENT CONTRACTOR resides or is located.

The Seths were given the Agreement containing this provision on a take-it-or-leave-it basis. (Seth Aff. ¶ 6; and Seth II Aff. ¶ 6). They did not have the ability to negotiate this clause or any other clause contained in the Agreements. (Seth Aff. ¶ 5; and Seth II Aff. ¶ 5).

Plaintiffs filed suit on August 21, 2012, alleging breach of contract, unlawful reduction of compensation, fraud, and conversion. On January 22, 2013, Commodore filed its Amended Answer to Plaintiffs' First Amended Complaint which included counterclaims alleging breach of confidentiality, breach of non-compete provisions, and breach of contract. On February 4, 2013, Commodore filed the instant motion to change venue to the Eastern District of Michigan.

## II.   Discussion

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." 28 U.S.C. § 1404(a). Transfer under Section 1404(a) is appropriate where the moving party establishes that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mutual Auto Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 650 (S.D. Ind. 1996). It is undisputed that venue is proper in the Southern District of Indiana and the Eastern District of Michigan. The court will therefore only address whether the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

Section 1404(a) does not indicate the relative weight to be accorded to each factor. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The district court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Considering the factors set out in Section 1404(a) and the particular circumstances of the case, the moving party has the burden of proving "that the transferee forum is clearly more convenient." *Estate of Bussell*, 939 F. Supp. at 651.

### A. Convenience of the Parties

#### 1. Plaintiffs' Choice of Forum

The Plaintiff's choice of forum should be given weight because it is in accordance with the forum selection clause to which the parties agreed. "The presence of a forum-selection clause will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc.*, 487 U.S. at 29. "When the forum-selection clause is relevant only to part of the case . . . it should receive diminished weight in the analysis." *McKenna v. CDC Software, Inc.*, No. 08-CV-00110-EWN-MEH, 2008 WL 4197740, at *8 (D. Colo. Sept. 9, 2008).

Here, the Seths filed suit in the Southern District of Indiana pursuant to the forum selection clause contained in their agreements with Commodore. The forum selection clause does contain an exception, which permits Commodore to choose between the Southern District of Indiana and the district in which the Seths reside for any claims that it brings against the Seths. Commodore cites to this language to argue that its compulsory counterclaims allow it to then choose the forum – the Eastern District of Michigan.

Additionally, the court should consider the parties' respective residences and abilities to bear the expense of a trial in a particular forum. *CMG Worldwide, Inc. v. Milton H. Greene Archives, LLC*, No. 1:05-cv-415-RLY-TAB, 2005 WL 2175523, at *4 (S.D. Ind. Sept. 6, 2005); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3849 at 408 (2d ed. 1986).

In this case, the Seths filed suit away from their home forum in accordance with the forum selection clause. Commodore seeks to transfer this case to the Seths' home forum in the Eastern District of Michigan. The Seths did not assert that this change would adversely affect them or their claims. Certainly, the expenses and financial hardship would be less if the Seths are required to litigate this case in the Eastern District of Michigan. Thus, the residences of the parties weighs in favor of transfer.

### 2. The Effect of the Forum Selection Clause on Commodore

A potential defendant can waive objections to personal jurisdiction or venue by signing a forum selection clause. *See Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990). The signing of such a clause is "a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party." *Id.* at 378. The Seventh Circuit indicated that a party moving for a change of venue after waiving it in a forum selection clause on the ground of its own inconvenience would be violating its duty of good faith in the contract. *See id.* Nevertheless, "[i]f there is inconvenience to some third party of which that third party may not even be aware, or to the judicial system itself, then either party to the suit is free to move for a change of venue." *Id.*

Here, the Seths argue that Commodore waived its right to move for a change of venue based on the extra costs it would have to endure to defend and prosecute the claims in this case. In fact, Commodore, by agreeing to the forum selection clause, waived the argument that defending the claims asserted by the Seths would be an inconvenience to Commodore.

5

The Seths argue that this waiver also applies to the counterclaims asserted by Commodore. Commodore responds that the exception contained in the forum selection clause allows it to argue that prosecuting its counterclaims in the Southern District of Indiana would be an inconvenience to it. A determination on this issue is unnecessary to resolve this motion, because the other factors weigh heavily in favor of changing the venue.

### B. Convenience of the Witnesses

The next relevant factor is the convenience of the witnesses, a factor often found by the courts to be the most significant of the three factors considered under Section 1404(a). *Somers v. Flash Tech. Corp. of Am.*, No. IP 455-C-B/S, 2000 WL 1280314, at *3 (S.D. Ind. Aug. 25, 2000). "This analysis is not merely a numbers game: what is significant is the substance and materiality of potential witnesses' testimony." *Id*.

In evaluating the convenience to the witnesses, it is clear that the Eastern District of Michigan would be more convenient for the witnesses. The Seths' argument that the witnesses remain unknown is now moot due to the exchange of discovery and the filing of the preliminary witness lists (Docket ## 42, 47). These filings reveal that none of the potential witnesses live in the Southern District of Indiana. In fact, all but one witness lives or maintains a place of business in Michigan.[1]

### C. The Interests of Justice

In determining whether the transfer is in the interest of justice, the court will examine several factors. These factors include "(1) the relative ease of access to sources of proof;

---

[1] This lone witness is a Pennsylvania company.

6

(2) the amenability of unwilling witnesses to service of process; (3) the cost of attendance at trial of unwilling witnesses; (4) the relation of the community in which the courts and jurors are required to serve to the occurrence at issue in the litigation; (5) the accessibility of premises involved in the litigation; (6) the relative congestion of the court dockets and prospects for earlier trial; and (7) in a diversity case, the relative familiarity of the courts with the state law supplying the applicable rules of decision." *Somers*, 2000 WL 1280314 at *3.

In this case, the first five factors weigh in favor of transferring the case to the Eastern District of Michigan. First, the ease of access to evidence and proof in this case would be best served for a number of reasons by transferring the case to Michigan. These reasons include the facts that the Seths live in Michigan, Commodore conducts business primarily in Michigan, the Seths contracted with Commodore in Michigan, and the alleged breaches occurred in Michigan. Second, regarding unwilling witnesses, the Eastern District of Michigan will be more amenable because all but one of the witnesses reside in Michigan making them subject to that court's subpoena power. This court would not have subpoena power over the witnesses under Fed. R. Civ. P. 45. Third, the cost for the witnesses to attend trial would be less in Michigan – the home state of all but one witness. Fourth, Michigan has a greater interest in this case. The Seths are residents of Michigan who signed contracts in Michigan that were allegedly breached in Michigan. Fifth, the premises connected to the claims are located in Michigan.

The sixth factor – the relative congestion of the court dockets and the prospect for earlier trial - also weighs in favor of transferring the case to the Eastern District of

Michigan. Although more cases are filed in the Eastern District of Michigan, the congestion is greater in the Southern District of Indiana. According to the Judicial Caseload Profile for March 31, 2013, in the Southern District of Indiana there are approximately 577 civil cases filed per year per judge and each judge has approximately 576 cases pending. *See* Administrative Office of the US Courts, Federal Court Management Statistics March 2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement Statistics/2013/district-fcms-profiles-march-2013.pdf&page=51. The median time to trial for a civil case in the Southern District of Indiana is 35.9 months. *See id.* In comparison, in the Eastern District of Michigan there are approximately 405 civil cases filed per year per judge and approximately 470 cases are pending before each judge. *See* Administrative Office of the US Courts, Federal Court Management Statistics March 2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement Statistics/2013/district-fcms-profiles-march-2013.pdf&page=40. The median time to trial for a civil case in the Eastern District of Michigan is 25.8 months. *See id.* Thus, judicial efficiency weighs in favor of changing the venue.

      Unlike the first six factors, the final factor weighs in favor of retaining the case in the Southern District of Indiana. The parties bring claims under federal and state law. According to the forum selection clause, Indiana law applies to the state law claims. This court is more familiar with applying Indiana law; nevertheless, the state law claims in this action do not constitute novel and complex areas of the law. This court believes that the

8

Eastern District of Michigan's judges and jurors can and will correctly apply Indiana law. Considering all seven factors, the interest of justice is best served by transferring this case to the Eastern District of Michigan.

### III. Conclusion

Considering the convenience of the parties, convenience of the witnesses, and the interest of justice, Defendant has met its burden of showing that transferring this matter to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) is clearly more convenient. Defendant's motion to transfer venue (Docket # 27) is therefore **GRANTED**.

**SO ORDERED** this 13th day of September 2013.

                                                              _____
                                                              RICHARD L. YOUNG, CHIEF JUDGE
                                                              United States District Court
                                                              Southern District of Indiana

Distributed electronically to registered counsel of record.